[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This cause of action was returned to court on February 11, 1992. The complaint originally contained four counts. At the time of trial, December 3, 1993, the plaintiff withdrew counts three and four. Count one alleged a breach of contract to repair a Ford 427 Cammer engine installed in a 1932 Ford Coupe automobile. The breach as alleged consisted of improperly and incorrectly repairing and overhauling the engine. Count two is predicated on the alleged negligence of the defendant involving a violation of the contractual duty to correctly repair and overhaul the engine. Defendant denies any contractual or negligence CT Page 11168 breach.
The evidence enables the court to find that the plaintiff engaged the defendant to complete the necessary repairs on the engine to correct a low oil pressure problem. The defendant agreed to make such repairs and did considerable work on the engine as revealed by defendant's invoices, Exhibit 13 (2/13/90) parts and labor, $4,618.76, Exhibit C (7/20/90) parts and labor, $845.68; Exhibit D (8/18/90) parts and labor, $725.66. After paying these invoices the plaintiff took possession of the engine and installed it in his car without doing any internal work on the engine. Thereafter plaintiff drove the vehicle to Pennsylvania; almost immediately plaintiff discovered that the oil pressure problem had not been corrected. Shortly thereafter plaintiff placed the car in storage where it remained until the spring of 1991. Thereafter plaintiff asked the RR Automotive Machine Company of Londonderry, New Hampshire, to ascertain the cause of the low oil pressure and to make repairs as necessary. This company repaired the engine to the satisfaction of the plaintiff at a cost of $5,735.99, Exhibit E, dated September 30, 1991.
Both parties offered expert testimony to support their positions. The testimony of plaintiff's expert, David Sargent, was most persuasive providing credible evidence that the cause of the low oil pressure was the negligent failure of the defendant to install proper size bearings in the crankshaft which resulted in a cracked crankshaft. To correct this problem, RR installed $719.74 in parts and charged $5,016.25 for labor. Plaintiff seeks to recover the entire cost of the RR invoice plus the amount paid in consideration of the invoice dated August 18, 1990 in the amount of $725.66 (Exh. D). This invoice involved work performed by defendant after it completed its initial repair of February 13, 1990, which failed to correct the oil pressure problem.
Defendant's independent expert challenged the labor charges of RR Automotive Machine. Giving consideration to this evidence and the labor charges of defendant, the court finds that the reasonable and necessary cost of the labor required to correct the oil pressure problem is $3,659.00. The court further finds that the cost of reasonable and necessary parts is $984.44.
Accordingly the court finds the issues for the plaintiff on both counts. Judgment may enter for the plaintiff in the amount of $4,643.44, plus costs of $182.00, plus an expert CT Page 11169 testimony fee for David Sargent in the amount of $523.23.
Dorsey, J. State Trial Referee